KATHERINE M. COWDREY, appellant and respondent,

*v.*

ALBERT E. COWDREY et al., appellants and respondents.

[Argued March 29th, 1907.   Decided June 17th, 1907.]

On appeal from a decree of the court of chancery, advised by Vice-Chancellor Pitney, whose opinion is reported in *71 N. J. Eq. (1 Buch.) 353.*

*Mr. Edwin B. Goodell,* for Katherine M. Cowdrey.

*Messrs. Woodruff & Stevens,* for Albert E. Cowdrey.

PER CURIAM.

This decree adjudges that the complainant, Katherine M. Cowdrey, is entitled to an estate in fee-simple in certain real estate, the legal title to which was in her husband during his life.

It was further decreed that the complainant was so entitled upon the condition that she execute a release to the heirs of her husband and their assigns of her right of dower in her former husband's remaining real estate.

On the main question in the cause, namely, whether the paper executed by the husband on the day of November 14th, 1904, established an equitable title in his wife, we concur in the conclusion of the learned vice-chancellor that it did.

We also concur in his conclusion that the complainant was a competent witness to prove conversations and transactions with her husband.

We are, however, unable to see how the condition imposed upon the wife, that she shall release her right of dower in the remainder of her husband's real estate, can be supported.   It may be admitted that in view of the relative value of the prop-

erty settled upon his wife, and the remaining property of the husband, it would have been an act of wisdom on the part of the husband to have coupled such a condition with the grant. But he did not do so.

The gift of a husband to his wife of land does not, *ipso facto,* bar her dower in the husband's remaining real estate. So any provision for an equitable jointure, which operates to put the widow upon her election, must be either expressly in lieu of dower, or the same instrument must make a disposition of some part of the estate which is clearly inconsistent with the existence of dower therein, so that, in claiming dower, the widow would defeat, interrupt or disappoint some provision of the instrument. *5 Am. & Eng. Encycl. L. (1st ed.) 916.*

There is no evidence that there was anything said by the husband respecting the matter of dower, even if such testimony was admissible, which it was not. *Stratton* v. *Best, 1 Ves. Jr. 285.*

So we are constrained to the conclusion that the decree must be reversed for the purpose of modification, by removing from it the conditions respecting the release of dower.

There were cross appeals. The complainant succeeds in her appeal, and the defendants fail in their appeal.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Garrison, Fort, Hendrickson, Pitney, Swayze, Reed, Trenchard, Bogert, Vroom, Green, Gray, Dill—13.